PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRENT A. CAREY, ) | |
| ) | CASE NO. 4:23CV1386 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| CORECIVIC, *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF No. 9] |

Pending is Defendants CoreCivic, Inc. ("CoreCivic"), Northeast Ohio Correctional Center ("NEOCC"), Sgt. Burke, and Assistant Warden Blackmon's Motion for Judgment on the Pleadings (ECF No. 9). *Pro Se* Plaintiff Trent A. Carey has not filed a memorandum in opposition to ECF No. 9. *See* Local Rule 7.1(d).

### I. Background

In his Complaint (ECF No. 1), Plaintiff, a federal pretrial detainee[1] at NEOCC at the time of the events at issue, asserts claims against CoreCivic, NEOCC, Sgt. Burke, Assistant Warden Blackmon, A-Dorm Officer(s) John/Jane Doe(s), Supervisor(s) John/Jane Doe(s), Warden

---

[1] *See United States v. Carey*, No. 1:23CR0199-1 (N.D. Ohio filed April 6, 2023).

(4:23CV1386)

NEOCC, Captain NEOCC, and Administrators NEOCC[2] pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 at PageID #: 8, § II. Plaintiff alleges that on June 12, 2023, six other inmates or detainees entered his cell and attacked him. During the attack, Plaintiff claims that he was beaten and stabbed with an ice pick. *See* ECF No. 1 at PageID #: 3. Plaintiff seeks monetary relief. *See* ECF No. 1 at PageID #: 10.

## II. Standard of Review

The procedural standard for determining a judgment on the pleadings under Fed. R. Civ. P. 12(c) is indistinguishable from the standard of review for dismissals based on failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Daily Services, LLC v. Valentino*, 756 F.3d 893, 898 (6th Cir. 2014) (citing *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing authorities).

---

[2] The summons and complaint were served by the U.S. Marshals Service. *See* Return of Service (ECF No. 10). A copy of the summons and complaint have not been served on Warden NEOCC, Captain NEOCC, and Administrators NEOCC. The summons for Captain NEOCC (ECF No. 4 at PageID #: 43) and Administrators NEOCC (ECF No. 4 at PageID #: 51) are not specific enough to identify the correct employee(s).

2

(4:23CV1386)

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Id.* at 570. The factual allegations in the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed. 2004)). Dismissal of the action is proper if Plaintiff "undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Progressive Northern Ins. Co. v. City of Rocky River*, No. 1:18CV0524, 2019 WL 5394206, at *3 (N.D. Ohio Aug. 16, 2019) (internal quotation marks and citations omitted).

### III. Law and Analysis

A. **Section 1983** – Privately Owned Prison

NEOCC is a private prison owned and operated by CoreCivic. NEOCC houses federal prisoners, such as Plaintiff, through an agreement to provide services for the federal government. The agreement is between CoreCivic and the U.S. Marshals Service ("USMS"). *See Lettieri v. Northeast Ohio Correctional Center*, No. 4:23CV1690, 2023 WL 8112809, at *1 (N.D. Ohio Nov. 22, 2023) (Pearson, J.), appeal pending, No. 23-4023 (6th Cir.).

In 42 U.S.C. § 1983, Congress provided a remedy for constitutional violations by state actors. The elements of a § 1983 claim in the Sixth Circuit are: "1) [Plaintiff] was deprived of a right secured by the federal Constitution or laws of the United States; 2) the deprivation was caused by a person acting under color of state law; and 3) the deprivation occurred without due process of the law." *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994) (citation omitted).

3

(4:23CV1386)

A § 1983 claim cannot be asserted against CoreCivic, NEOCC, Sgt. Burke, and Assistant Warden Blackmon because they were not acting under color of state law with respect to Plaintiff's incarceration. *See District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973) (§ 1983 does not reach actions of the federal government and its officers).

In order for Plaintiff to state a § 1983 claim against CoreCivic, NEOCC, Sgt. Burke, and Assistant Warden Blackmon, he "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). But the Complaint (ECF No. 1) does not allege that CoreCivic, NEOCC, Sgt. Burke, and Assistant Warden Blackmon acted under color of state law, or any allegation from which the Court could infer that their alleged actions were clothed with the authority of state law. On June 12, 2023, Plaintiff was a USMS detainee incarcerated at NEOCC pursuant to a federal contract with the USMS. Neither CoreCivic nor NEOCC were acting on behalf of the State of Ohio and, therefore, cannot be considered a state actor under § 1983. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 Fed.Appx. 339, 342 (6th Cir. 2014) (district court correctly found that § 1983 is not applicable to federal prisoner's claims against NEOCC and its warden). In addition, "NEOCC's employees cannot be considered state actors because they are employees of a privately operated prison, operated for the federal government." *Id.*

To the extent that Plaintiff asserts a § 1983 claim against CoreCivic, NEOCC, Sgt. Burke, and Assistant Warden Blackmon, he has failed to state a claim upon which relief can be granted, and those claims are dismissed. The same analysis applies to Warden NEOCC, Captain

(4:23CV1386)

NEOCC, and Administrators NEOCC. Therefore, he has also failed to state a § 1983 claim against them, and those claims are dismissed.

### B. *Bivens*[3] Claims

Assuming Plaintiff brings a *Bivens* claim, it fails because the Supreme Court has refused to recognize *Bivens* as a remedy against private prison contractors or their employees. *Bivens* claims, named after a 1971 Supreme Court case, provide a cause of action for damages against an individual federal agent for violation of certain constitutional rights while acting under her federal authority. *Dolan v. United States*, 514 F.3d 587, 594 n.2 (6th Cir. 2008) (citing *Bivens*, 403 U.S. at 397). The Supreme Court has consistently declined to extend *Bivens* beyond that narrow context. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001). In *Malesko*, the Supreme Court specifically refused to extend the implied damages action allowed under *Bivens* against a private prison operator. *Id.* at 63.

The Supreme Court has also declined to create an implied damages remedy under *Bivens* for an Eighth Amendment suit against individual employees of a corporation in a private prison. *Minneci v. Pollard*, 565 U.S. 118, 120 (2012). In *Minneci*, the Supreme Court held that a federal prisoner could not assert a *Bivens* claim against individual employees of a private prison because state tort law provided an alternative existing process capable of protecting the constitutional interests at stake in such instance. *Id.* at 119. The Court noted it had "found specific authority indicating that state law imposes general tort duties of reasonable care (including medical care)

---

[3] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

5

(4:23CV1386)

on prison employees in every one of the eight States where privately managed secure federal facilities are currently located," including Ohio. *Id.* at 128. The Court held "where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law" and may not pursue relief under *Bivens*. *Id.* at 131.

Significantly, the Supreme Court further clarified that "[s]tate-law remedies and a potential *Bivens* remedy need not be perfectly congruent" to foreclose the extension of *Bivens*. *Id.* at 129. The Court explained "the question is whether, in general, state tort law remedies provide roughly similar incentives for potential defendants to comply" with the constitutional right at issue "while also providing roughly similar compensation to victims of violations." *Id.* at 130. Because state law typically "imposes general tort duties of reasonable care (including medical care) on prison employees," the Court refused to extend *Bivens* to allow a cause of action against private prison employees for an alleged Eighth Amendment violation. *Id.* at 128-29; *see also Johnson v. Pugh*, No. 4:14CV1113, 2015 WL 874412, at *2 (N.D. Ohio Feb. 27, 2015) (Pearson, J.) (holding that plaintiff does not have any viable *Bivens* claim against the employees of private prisons in their individual capacities).

Thus, under *Malesko* and *Minneci*, Plaintiff has not alleged a cognizable *Bivens* claim against CoreCivic, NEOCC, Sgt. Burke, and Assistant Warden Blackmon as his allegations that

6

(4:23CV1386)

the defendants acted with deliberate indifference to his health and safety by allowing other inmates or detainees to assault him fall within the purview of state tort law. *See Montgomery v. Ferentino*, No. 20-3114, 2021 WL 3204843, at *2-3 (6th Cir. Feb. 24, 2021) (order) (holding pretrial detainee's Eighth and Fourteenth Amendment claim that certain defendants failed to protect him from an assault by another inmate was properly dismissed). The same analysis applies to Warden NEOCC, Captain NEOCC, and Administrators NEOCC. *See Ayon v. Northeast Ohio Corr. Ctr.*, 478 Fed.Appx. 999, 1000 (6th Cir. 2012) (per curiam) (finding no *Bivens* remedy against NEOCC warden because state tort remedies were available); *Marte v. Pugh*, No. 4:12CV0922, 2012 WL 3075894, at *5 (N.D. Ohio July 30, 2012) (Pearson, J.) (*Minneci* bars Eighth Amendment claims against individual employees of a private prison for deliberate indifference to serious medical needs).

### C. A-Dorm Officer(s) John/Jane Doe(s) and Supervisor(s) John/Jane Doe(s)

The Court also dismisses Plaintiff's allegations against A-Dorm Officer(s) John/Jane Doe(s) and Supervisor(s) John/Jane Doe(s), as service of process, and, by extension the institution of a lawsuit, cannot be effected on fictitious persons. *Webster v. Freedom Debt Relief, LLC*, No. 1:10CV1587, 2011 WL 3422872, at *2 (N.D. Ohio Aug. 4, 2011) (Pearson, J.).

### IV. Conclusion

Defendants CoreCivic, Inc., Northeast Ohio Correctional Center, Sgt. Burke and Assistant Warden Blackmon's Motion for Judgment on the Pleadings (ECF No. 9) is granted. The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts

7

(4:23CV1386)

alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
|    May 10, 2024   <br>Date |   */s/ Benita Y. Pearson*   <br>Benita Y. Pearson<br>United States District Judge |